USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re CHICAGO BRIDGE & IRON
COMPANY N.V. SECURITIES LITIGATION

SPECIAL MASTER
ORDER #7

17 Civ. 01580 (LGS)

Related Cases:

17 Civ. 02414 (LGS)
17 Civ. 04251 (LGS)
18 Civ. 09927 (LGS)
18 Civ. 09928 (LGS)

-------------------------------------------------------------x

On or about November 22, 2019, the Court referred a discovery dispute regarding expert depositions to the Special Master for resolution. In short, defendants ask that they be permitted to depose plaintiffs' expert twice – once after the initial report (so that their expert would have the opportunity to review the deposition transcript prior to submitting its responding report) and again after receipt of a rebuttal report. Plaintiffs oppose this request and ask that each side be limited to one deposition per expert. Both parties submitted letter briefs to the Special Master on December 5, 2019.

Having reviewed those letters, I conclude that defendants should be permitted to depose the plaintiffs' expert after each report (and the same opportunity is available to plaintiffs if they wish to depose defendants' expert twice).

1

Of course, the second deposition should not be used to repeat the questions asked at the first deposition but should only cover new material addressed in the second report. My decision is based on the concepts of efficiency and fundamental fairness. While each deposition is an increased expense it should also help to ensure that counsel and the witnesses are well prepared for trial. Because defendants' expert is replying to the first report it is obvious that a deposition that explains the views expressed by the witness in that report will be helpful in fashioning that response. By the same token, once plaintiffs' expert reviews the response, and learns the defendants' expert's views for the first time, her rebuttal will inevitably express new opinions. The opportunity to explore those opinions prior to trial should increase the efficiency of any trial presentation.

As noted in the letter submitted by defendants' counsel, other courts have reached a similar conclusion. *See, e.g., In re TFI-LCK (Flat Panel) Antitrust Litig.*, 2014 WL 12639392, at *2 (N.D. Cal. Dec. 10, 2014) (authorizing second deposition after rebuttal report); *Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1590845, at 2 (D. Kan. May 30, 2007) (same after supplemental report); *Hamartie v. Louisville Ladder, Inc.*, 2007 WL 762032, at *1–2 (M.D. Fla. July 17, 2007)(same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2006 WL 3462580, at

*1 (N. D. Cal. Nov. 29, 2006).[1] Although the Federal Rules of Civil Procedure did not recognize an absolute right to depose an expert until 1993, earlier Rules amendments certainly noted that expanded discovery of expert witnesses would lead to a more efficient trial. *See* Fed. R. Civ. P. 26(b)(4) 1970 Advisory Committee Note recognizing that where expert testimony is central to the claims, expanded discovery of expert witnesses often will result in better cross-examination and rebuttal at trial. *Cf. Harris v. Untied States*, 132 F. App'x 183, 185 (9th Cir. 2005) ("The opportunity to review the opposing party's expert witness's report does not satisfy a party's right to depose that expert.").

Nonetheless, I appreciate plaintiffs' point that depositions are not always necessary and that parties can certainly agree not to depose the experts. I also agree that the default rule is that each witness may only be deposed once, absent leave of court. Finally, it is true that the party seeking a second deposition bears the burden of showing that the benefit of doing so outweighs the burden and expense of

---

[1] Plaintiffs cite one case that reached the opposite conclusion. *See Procongps, Inc. v. Skypatrol, LLC*, 2013 U.S. Dist. LEXIS 72702, at *2 (N.D. Cal. May 22, 2013)(holding that "the purpose of expert depositions is to develop cross-examination for trial or for a *Daubert* motion, not too build a case for one's own expert, and that two rounds of depositions is impractical and wasteful."). Clearly, judges may differ in their approach to this question.

allowing a second deposition.  *See* Plaintiffs' Dec. 5 letter citing *In re TFI-LCK*, *supra.*

On balance, defendants have met their burden.  This is a very complex cases with millions of dollars at stake and many difficult issues on which expert testimony will be helpful.  Given the amount of resources already expended during the discovery phase, an additional deposition or two is not a great burden or expense when taken in context.  For these reasons, I conclude that a second deposition of the expert following each report should be permitted.

So Ordered:

Shira A. Scheindlin
Special Master

Dated: New York, New York
December 9, 2019

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE