UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | CASE NO. 1:17-CV-1580<br><br>Hon. Lorna Schofield |

## NOTICE OF BANKRUPTCY OF RELATED PARTY TO CORPORATE DEFENDANT CHICAGO BRIDGE & IRON COMPANY N.V.

Lead Plaintiff ALSAR Ltd. Partnership and additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds (collectively, "Plaintiffs"), individually and on behalf of all other persons similarly situated, by their undersigned attorneys and by this notice hereby inform the Court that McDermott International, Inc., which acquired the assets of Chicago Bridge & Iron Company N.V., the corporate defendant in this litigation, has announced that it will file today a prepackaged petition for bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas. A copy of the announcement is attached hereto as Exhibit 1.

Plaintiffs understand that no petition has been filed, and do not anticipate that a petition for bankruptcy will be filed, on behalf of the corporate defendant here, Chicago Bridge & Iron Company N.V. The automatic stay under bankruptcy law applicable to the filing debtor does not extend to related or even subsidiary entities. *Manson v. Richard Friedberg & Oldstone Ventures, LLC*, 2013 U.S. Dist. LEXIS 83488, at *8 (S.D.N.Y. May 11, 2013) (refusing to extend automatic stay to LLC wholly owned by debtor and "conclud[ing] that the automatic stay provision of the bankruptcy code does not operate to stay this action except as to the Debtor Defendants"). Accordingly, Plaintiffs do not believe that even the corporate defendant here is subject to a stay.

1

The individual defendants (Phillip Asherman, Ronald Ballschmiede, and Westley Stockton) certainly are not subject to any bankruptcy stay. "[B]y the plain language of the bankruptcy code, an automatic stay only applies to a 'proceeding against the debtor.' § 362(a)(1). As such, the automatic stay provisions do not apply to proceedings against non-bankrupt co-defendants absent unusual circumstances…." *Id.* In class action securities litigations, courts routinely continue claims against non-bankrupt co-defendants even if claims against one or more defendants are stayed. *See, e.g.*, *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 564 B.R. 192, 194 (S.D.N.Y. 2016) (refusing to extend stay to non-bankrupt co-defendants); *In re Globalstar Sec. Litig.*, 2004 U.S. Dist. LEXIS 24164, at *17 (S.D.N.Y. Dec. 1, 2004) (certifying class to proceed against individual defendant over objection that proceeding would violate automatic stay from bankruptcies of corporate defendants).

|  |  |
|---|---|
| DATED: January 21, 2020 | **KAHN SWICK & FOTI, LLC** |
|  | /s/ *Kim E. Miller* |
|  | Kim E. Miller |
|  | 250 Park Avenue, Suite 2040 |
|  | New York, NY 10177 |
|  | Telephone: (212) 696-3730 |
|  | Facsimile: (504) 455-1498 |
|  | Email: kim.miller@ksfcounsel.com |
|  | *Counsel for Lead Plaintiff ALSAR Ltd.* |
|  | *Partnership and Lead Counsel for the Class* |
|  |  |
|  | **POMERANTZ LLP** |
|  | Joshua B. Silverman |
|  | 10 South La Salle St., Suite 3505 Chicago, IL 60603 |
|  | Telephone: (312) 377-1181 |
|  |  |
|  | *Counsel for Additional Plaintiffs Iron Workers Local 40, 361 & 417 – Union Security Funds and Iron Workers Local 580* |
|  | *– Joint Funds* |

## CERTIFICATE OF SERVICE

I, Kim E. Miller, hereby certify that on January 21, 2020, a true and correct copy of this document was served via e-mail on counsel of record.

/s/ Kim E. Miller
Kim E. Miller