UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re CHICAGO BRIDGE & IRON
COMPANY N.V. SECURITIES LITIGATION

SPECIAL MASTER
ORDER #8

17 Civ. 01580 (LGS)

Related Cases:

17 Civ. 02414 (LGS)
17 Civ. 04251 (LGS)
18 Civ. 09927 (LGS)
18 Civ. 09928 (LGS)

------------------------------------------------------------------------x

By email dated June 23, 2020, plaintiffs' counsel requested leave to serve a document request or document subpoena for current and future deposition transcripts (and their corresponding exhibits from counsel in *Cohen v. Chicago Bridge & Iron Company, N.V.,* pending in Texas state court. Defendants opposed this request on the ground that discovery is closed in an email of June 25, 2020. On June 25, 2020, I resolved the dispute via email. Following that, plaintiffs' counsel requested that a formal order be issued.

Federal Rule of Civil Procedure 16(b)(4) provides for modification of a discovery order only for good cause and with the consent of the judge. I am

1

concerned here only with the "good cause" requirement. I find that plaintiffs' counsel has shown good cause by noting that the requested transcripts did not exist at the time of the discovery cut-off.

Defendants cite several cases in opposition that are easily distinguishable. In *Nunez v. City of New York,* 2013 WL 2149869, at *6 (S.D.N.Y. May 17, 2013), the court stated that "when a party creates a document within the scope of an earlier discovery request, the responding party must *supplement* its discovery response." (Emphasis added). But here there was no earlier request for obvious reasons – the documents did not exist at the time of the original request. Thus, there was no response to supplement. In *Zelaya v. Tutor Perini Corp.,* 2017 WL 4712421, at *3 (S.D.N.Y. Sept. 28, 2017), the court denied a motion to compel discovery finding no good cause because the party knew of its need for other documents well in advance of the close of discovery. That is not the case here. Plaintiffs could not have known of these documents in advance of the close of discovery as they could not know what depositions (if any) would be taken in a different litigation. And in *Agapito v. AHDS Bagel, LLC,* 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018), the court found good cause for modification because counsel could not meet the deadline despite diligent efforts, and defendants argue

that plaintiffs cannot meet this standard.  But plaintiffs' request does not implicate due diligence.  It is apparent that no document request could be made for documents that do not exist.  Nonetheless, defendants argue that plaintiffs' counsel *in the Cohen case* requested deposition transcripts from *this* case and obtained them.  But counsel did not advise whether any of the depositions in this case had taken place at the time of counsel's timely request.  Here, by contrast, it is my understanding that plaintiffs' counsel is seeking deposition transcripts for depositi9ons *held after* the discovery cut-off (*i.e.,* beginning in January, 2020 and including all future depositions).

The parties do not dispute that the *Cohen* case is clearly related to the instant case as demonstrated in an earlier joint status report to the Court in this case and defendants' reliance o producing a large number of documents from the *Cohen* case in early document production in this case.  Thus the relevance of the requested documents is presumed.  If necessary, plaintiffs could serve a third-party subpoena which would undoubtedly be granted.  Because the documents are relevant, and there is no burden or prejudice to defendants in requiring their production, it is unnecessary to proceed by subpoena when defendants are a party to both cases and

are in possession of the requested documents.  The documents must be produced to plaintiffs forthwith at plaintiffs' expense.

        So Ordered:

        <u>s/Shira A. Scheindlin</u>
        Shira A. Scheindlin
        Special Master

Dated:  New York, New York
        July 15, 2020

NY 77704700v1

08/06/2019 10:06 AM