

The application is DENIED as Plaintiffs' proposed additional materials are unnecessary to consideration of Defendants' submissions and adjudication of the motions.  Plaintiffs' motion to seal is DENIED as moot.  The Clerk of Court is respectfully directed to close the docket entries at Nos.  295, 296 and 297.

SO ORDERED

Dated:  October 23, 2020
      New York, New York

                                                   LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE

      Re:    *In re Chicago Bridge & Iron Company N.V. Sec. Litig.,* No. 1:17-cv-1580-LGS

Dear Judge Schofield:

      Pursuant to Rule III.B.3. of Your Honor's Individual Rules and Procedures for Civil Cases, and in response to two evidentiary objections made by Defendants in their Reply to Plaintiffs' Response to Their Motion for Summary Judgment (Dkt # 291), Plaintiffs respectfully request the Court's permission to exceed this Court's limitations of exhibits and/or affidavits in order to supplement the summary judgment record.

      First, in their Reply, Defendants argue that many documents relied on by Plaintiffs in their Opposition "are not in the summary judgment record and must be disregarded," because, instead of attaching these documents cited by Plaintiffs' experts, Plaintiffs cite only "their expert reports' citations to documents not in the record." Reply at 1 n.3.[1] In support of their argument, Defendants selectively quote from *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 980 F. Supp. 2d 425, 442 (S.D.N.Y. 2013), to claim Plaintiffs' approach is improper because an "expert's report may not be used as a conduit for the inadmissible hearsay." Reply at 1 n.3. Defendants, however, neglect to mention that the court in *MTBE* found the opposite: "An expert's report may not be used as a conduit for the inadmissible hearsay of another, <u>but an expert may rely on hearsay sources that she used in forming her opinion</u>. Haberman's report is not inadmissible hearsay, because it reflects his own opinions." *Id*. (emphasis added).

      Like in *MTBE*, Plaintiffs' experts here relied on the documents in question in forming their opinions. Defendants do not argue otherwise, nor do they establish, as Rule 56 requires to disregard record evidence, that these documents *cannot* be presented in a form that would be admissible at trial. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). At this stage, to refute any questions regarding admissibility, Plaintiffs need only "explain the admissible form that is *anticipated*." *See* Fed. R. Civ. P. 56, Advisory Committee's Note to 2010 amendment (emphasis added). At trial, Plaintiffs anticipate introducing these documents into evidence via testimony from

---

[1] To comply with this Court's limitation of exhibits and/or affidavits, if a document produced in discovery was cited or quoted in their expert reports, Plaintiffs cited and submitted excerpts from the reports rather than from the documents cited.



Hon. Lorna G. Schofield　　　　　　　　　　-2-　　　　　　　　　　October 22, 2020

Plaintiffs' experts, the Individual Defendants, or other fact witnesses that Plaintiffs and Defendants have previously identified on their respective Rule 26(a)(1) disclosures. Nevertheless, to avoid a protracted dispute about whether these documents are technically in the summary judgment record, Plaintiffs respectfully seek leave, out of an abundance of caution, to exceed this Court's limitations of exhibits and/or affidavits and to submit the excerpts of these documents cited by their experts to supplement the summary judgment record. *See* Exhibit A attached hereto.[2]

  Second, relying on *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 352 (S.D.N.Y. 2005), Defendants object, in part, to Plaintiffs' reliance on their expert reports because they are "unsworn." *See* Reply at 2 n.7. Yet Defendants fail to point out that *Berk*, which was decided in 2005, relied on a superseded version of Rule 56. In 2010, Rule 56 was amended, and now does not require sworn declarations from experts at this stage, as long as their opinions are capable of being presented in a form that would be admissible at trial. *See* Advisory Committee Notes to Fed. R. Civ. P. 56, 2010 Amendment. Indeed, since that amendment, numerous Circuits have held the amended Rule 56 obviates any "swearing" requirement for the admissibility of out-of-court statements, including for unsworn expert reports. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (reversing district court for finding expert report inadmissible solely because it was unsworn); *see also Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015); *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012); 11 Moore's Federal Practice - Civil ¶ 56.91 (2017).[3]

  Here, Plaintiffs experts will testify to their opinions at trial, and thus, the mere fact that their reports are "unsworn" is of no consequence at this stage. But, to moot this objection, Plaintiffs respectfully seek leave to submit three sworn one-page declarations from their experts (attached hereto as Exhibit B) affirming their reports. *Cf. GE Funding Capital Mkt. Servs. v. Neb. Inv. Fin. Auth.*, 2017 U.S. Dist. LEXIS 104819, at *13 n.3 (S.D.N.Y. July 6, 2017) (Schofield, J.) (finding that declarations by experts in the same form as proffered here rendered "moot" the objection Defendants raise).

  Allowing Plaintiffs to exceed the Court's limitations of exhibits and/or affidavit and to supplement the record would be consistent with the Second Circuit's "strong preference" for resolution of disputes on the merits, rather than on the basis of relevant evidence being excluded on technical grounds, which is "generally not favored." *See Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 46-47 (2d Cir. 2015) (citations omitted).

---

[2] Excluding exhibit cover pages, Plaintiffs' request would result in only 35 additional excerpted pages being submitted.

[3] Some courts in the Second Circuit have continued to rely on the pre-amendment decision in *Berk* even though its analysis is inconsistent with the 2010 amendment to Rule 56. *See, e.g., Woods v. Town of Tonawanda*, 2020 U.S. Dist. LEXIS 61948, at *73 (W.D.N.Y. Apr. 8, 2020) (finding "unsworn … expert reports do not satisfy the admissibility requirements of Rule 56(c)(4)" (citing *Berk*, 380 F. Supp. 2d at 352-53)); *but see Selvam v. Experian Info. Sols., Inc.*, 651 F. App'x 29, 32 (2d Cir. 2016) (holding the party opposing summary judgment can rely on inadmissible hearsay as long as it can be presented in an admissible form at trial); *Woods v. Tompkins Cty.*, 2019 U.S. Dist. LEXIS 52674, at *2 (N.D.N.Y. Mar. 28, 2019) (noting 2010 Amendment "substantially amended" prior version of Rule 56 and rejecting argument that "'none of th[os]e documents'—which include, among other things, multiple affidavits, letters, and medical records—'are competent, as they are not sworn to by anyone.'").



Hon. Lorna G. Schofield				-3-					October 22, 2020

                                                 Respectfully submitted,

                                               */s/ Kim E. Miller*
                                               Kim E. Miller

Cc: All Counsel of Record (*via ECF*)