UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) ) ) **CASE NO. 1:17-CV-1580**<br><br>Hon. Lorna Schofield |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING MCDERMOTT INTERNATIONAL, INC.'S AND CHICAGO BRIDGE & IRON CO. N.V.'S <u>BANKRUPTCIES</u>**

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Fax: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiff
ALSAR Ltd. Partnership and
Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Fax: (312) 229-8811

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("IW Funds")*

Lead Plaintiff ALSAR Ltd. Partnership and additional Plaintiffs Iron Workers Local 40, 362, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* for an order excluding evidence or argument regarding McDermott International, Inc.'s ("McDermott") and Chicago Bridge & Iron Company N.V.'s ("CBI" or the "Company") bankruptcy and bankruptcy proceedings, including the Order Resolving Reorganized Debtors' Motion to Enforce the Confirmation Order with Respect to the SDNY Securities Litigation (*In re McDermott Int'l Inc.*, No. 20-30336 (Bankr. S.D. Tex. June 23, 2020, ECF No. 1100) (hereinafter "McDermott's bankruptcy").[1]

## I. INTRODUCTION

Based on Defendants' prior letter motions and summary judgment submissions, Plaintiffs anticipate that Defendants will seek to introduce evidence or argument at trial regarding McDermott's bankruptcy to confuse the jury, to dissuade the jury from awarding the correct amount of damages, including against the non-debtor Individual Defendants, or to baselessly imply that Plaintiffs cannot demonstrate scienter through the recklessness standard or that Plaintiffs' claims for violations of the securities laws have purportedly been released under McDermott's bankruptcy plan because they do not constitute "actual fraud." *See* ECF No. 253 at 13 n.79; *see also* ECF Nos. 260, 300. But this Court has already determined Plaintiffs' claims constitute "actual fraud," *see* ECF No. 306 at 6, and any other argument or evidence relating to McDermott's bankruptcy is irrelevant, unfairly prejudicial, likely to confuse the jury, and waste the Court's time.

---

[1] CBI, through its successor in interest Comet II, B.V., is one of the many affiliated reorganized debtors involved in McDermott's bankruptcy. *See In re McDermott Int'l Inc.*, No. 20-30336 (Bankr. S.D. Tex. Jan. 21, 2020), ECF No. 1.

1

## II.     ARGUMENT

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *SEC v. United States Envtl., Inc.*, No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19701, at *5 (S.D.N.Y Oct. 16, 2002). "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d). "Irrelevant evidence is not admissible," and evidence is only relevant if it has a tendency to make any "fact [that] is of consequence in determining the action" more or less probable. FED. R. EVID. 401, 402. Even relevant evidence should be excluded where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting FED. R. EVID. 403 advisory committee's notes).

Here, McDermott's bankruptcy has nothing whatsoever to do with the subject matter of the litigation: Defendants' 2013-2015 misrepresentations about Nuclear Projects that CBI walked away from in October 2015. *See* ECF No. 306 at 5-6; *see also* FED. R. EVID. 401; *Ensource Invs. LLC v. Willis*, No. 3:17-cv-00079, 2020 U.S. Dist. LEXIS 18200, at *3-4 (S.D. Cal. Feb. 3, 2020) (Facts regarding the bankruptcy "have little to no bearing on the issues remaining for trial, i.e. whether Defendant misrepresented the nature of Defendant's technology when soliciting Plaintiff's investment in Defendant's companies."). Defendants do not (and cannot) contend that McDermott's bankruptcy is tied in any way to CBI's Class Period statements and omissions regarding the Nuclear Projects. *See HTC Corp. v. Tech. Props.*, No. 5:08-cv-00882, 2013 U.S.

2

Dist. LEXIS 129263, at *6-7 (N.D Cal. Sept. 6, 2013); *see also In re McDermott Int'l Inc.*, No. 20-30336 (Bankr. S.D. Tex. Feb. 19, 2021), ECF No. 1081 at 6 (conceding that Plaintiffs' "allegations are all based on facts that . . . occurred prior to the [bankruptcy] Petition Date."). As such, evidence or argument regarding McDermott's bankruptcy does not have "any tendency to make a fact more or less probable" here. FED. R. EVID. 401. It is simply irrelevant to the issues remaining for trial and therefore, inadmissible. *See* FED. R. EVID. 402; *see also Handex of Md. v. Waste Mgmt. Disposal Servs. of Md.*, Nos. AW-05-1044, 2584, 2008 U.S Dist. LEXIS 145724, at *44 (D. Md. Feb. 11, 2008) (excluding information related to defendant's bankruptcy because it "is not relevant to the case[.]").

Nor do Defendants have any defenses in this litigation arising from the releases in bankruptcy. *See* ECF No. 253 at 13 n.79; *see also* ECF Nos. 260, 300. The bankruptcy court has expressly ruled that CBI can remain a defendant in this action, and that no claims against individual defendants were released that involve "actual fraud"—which this Court has already determined Plaintiffs' claims *do* involve. *See* ECF No. 306 at 5-6 (finding that Plaintiffs' § 10(b), Rule 10b-5, and § 20(a) claims are not barred because they are claims of actual fraud); *In re McDermott Int'l Inc.*, No. 20-30336 (Bankr. S.D. Tex. June 23, 2020, ECF No. 1100); *see also DUX Capital Mgmt. Corp. v. Chen*, No. C 03-00539, 2004 U.S. Dist. LEXIS 31651, at *5-6 (N.D. Cal. May 11, 2004) (precluding introduction of evidence relating to a bankruptcy court's proceedings because it "is not relevant under Rule 402 and to re-litigate it would be too time-consuming and wasteful under Rule 403.").

Even if there was any probative value, it would be substantially outweighed by the risk that introduction of the evidence will confuse the issues, mislead the jury, and waste time and judicial resources. *See* FED. R. EVID. 403; *see also Ensource Invs. LLC*, 2020 U.S. Dist. LEXIS 18200, at

3

*4 (excluding evidence of bankruptcy proceedings where it provided "little to no probative value[.]"); *DUX Capital Mgmt. Corp.*, 2004 U.S. Dist. LEXIS 31651, at *5-6. Here, evidence or argument concerning McDermott's bankruptcy will introduce several collateral issues such as, *inter alia*, why were releases given, what claims are subject to the releases, or why do releases apply to some claims and not others. Even the mere mention of McDermott's bankruptcy may cause jurors to speculate as to whether it impacts Defendants' ability to satisfy a judgment if they are found liable. *See Old Chief*, 519 U.S. at 180; *see also HTC Corp.*, 2013 U.S. Dist. LEXIS 129263, at *6-7 ("A reference to bankruptcy may trigger visceral reactions among jurors and the court believes that such a reaction carries a risk of substantial unfair prejudice. Moreover, there is a substantial risk that evidence of [defendant's] bankruptcy will confuse the issues."); *Prytania Park Hotel v. General Star Indem. Co.*, No. 94-3743, 1997 U.S. Dist. LEXIS 1831, at *4-5 (E.D. La. Feb. 14, 1997) (excluding evidence of bankruptcy "because the danger of unfair prejudice substantially outweighs any limited probative value the evidence might provide."). None of these issues are pertinent to resolving the case at bar and introduction of argument or evidence relating to McDermott's bankruptcy will only waste judicial resources and confuse and mislead the jury. *See Pedroza v. Lomas Auto Mall, Inc.*, No. Civ. 07-0591, 2009 U.S. Dist. LEXIS 46552, at *20 (D.N.M. April 6, 2009) (Raising bankruptcy evidence in "an already lengthy trial poses a substantial chance of derailing the trial and creating a trial within a trial[.]").

Because McDermott's bankruptcy is irrelevant and prejudicial, Defendants should be precluded from offering any argument or evidence regarding McDermott's bankruptcy at trial.

### III.   CONCLUSION

For the above stated reasons, Plaintiffs respectfully request that the Court preclude Defendants from offering any evidence or argument regarding McDermott's bankruptcy.

4

Dated: December 13, 2021    Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

 /s/ *Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd. Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds and the Class*

5

## **CERTIFICATE OF SERVICE**

On December 13, 2021, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s/ *Kim E. Miller*
Kim E. Miller

6