UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) **CASE NO. 1:17-CV-1580** ) ) Hon. Lorna Schofield ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING THE TEXAS STATE COURT LITIGATION AGAINST <u>CHICAGO BRIDGE & IRON COMPANY N.V.</u>**

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Fax: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiff
ALSAR Ltd. Partnership and
Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Fax: (312) 229-8811

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("IW Funds")*

Lead Plaintiff ALSAR Ltd. Partnership and additional Plaintiffs Iron Workers Local 40, 362, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* for an order excluding evidence or argument regarding *Cohen et al. v. Chicago Bridge & Iron Company N.V. et al.*, No. 17-10-12820, in the 457th District Court of Montgomery County, Texas ("*Cohen*"), except for impeachment purposes.[1] *Cohen* involves separate state law claims of an investor who has expressly excluded himself from this litigation. ECF Nos. 273 and 289.

## I. INTRODUCTION

Based on their February 19, 2021 letter motion apprising the court of, *inter alia*, trial and bankruptcy-proceeding developments concerning the *Cohen* action, Plaintiffs anticipate that Defendants may attempt to introduce evidence or argument at trial regarding the *Cohen* action for purposes of inappropriately inserting the state court judge's and jury's verdicts into this matter. *See* ECF No. 300. The *Cohen* action, however, involved claims arising under Texas state law and a different set of plaintiffs, with unique defenses not present here. The *Cohen* action is not only irrelevant to the matters set for trial in this case but also any of its probative value, which is minimal at best, would be substantially outweighed by its prejudicial impact to Plaintiffs, particularly because the jury would likely be confused or worse, improperly influenced by the state court verdicts. Accordingly, Defendants should not be permitted to offer such evidence or argument.

## II. ARGUMENT

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on

---

[1] While Plaintiffs are not seeking to preclude the introduction of testimony from the *Cohen* action used solely for impeachment purposes, they respectfully request any such testimony be referred to as prior testimony without mention that the testimony comes from a prior trial. *See L-3 Communs. Corp. v. OSI Sys.*, No. 02 Civ. 9144, 2006 U.S. Dist. LEXIS 19686, *35 (S.D.N.Y. April 11, 2006).

the admissibility and relevance of certain forecasted evidence." *SEC v. United States Envtl., Inc.*, No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19701, at *5 (S.D.N.Y Oct. 16, 2002).[2] "Irrelevant evidence is not admissible[,]" and evidence is relevant where it "has any tendency to make a fact ["that is of consequence in determining the action"] more or less probable[.]" FED. R. EVID. 401, 402. Even relevant evidence should be excluded where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time[.]" FED. R. EVID. 403; *Brodit v. Cambra*, 350 F. 3d 985, 1005 (9th Cir. 2003) (Motions *in limine* provide courts with the ability "to preclude the introduction of prejudicial evidence [and] 'avoid the obviously futile attempt to 'unring the bell' once the evidence is aired before the jury.").

Argument or evidence regarding the *Cohen* action is irrelevant here, as Defendants concede, because it involved individual claims, which "largely cover[ed] purchases of CB&I stock *after* the class period[,]" by class members who opted out of the Class in this matter. *See* ECF No. 273 (emphasis in original); ECF No. 289 (noting that Defendants did not oppose the *Cohen* plaintiffs' motion to opt out (ECF Nos. 273)); ECF No. 300; *see also* FED. R. EVID. 401, 402*; News Am. Mktg. FSI LLC v. MGA Entm't, Inc.*, 187 F. Supp. 3d 476, 481 (S.D.N.Y. 2016) (precluding "evidence of other litigation to which [one of the litigants] is a party" because it "would be irrelevant to this matter and unduly prejudicial[.].").

*Cohen*'s state law claims are not asserted in this action, and *Cohen* did not consider any of Plaintiffs' claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Defendants should not be provided the opportunity to confuse the jury by injecting arguments or evidence at trial suggesting that the *Cohen* action and this one involve the same fraud claims or

---

[2] Internal citations omitted unless otherwise noted.

inextricably intertwining these matters. Indeed, "[c]ourts routinely exclude 'evidence relating to previous litigation involving one or both of the same parties' where the merits of those prior litigations would 'become inextricably intertwined with the case at bar.'" *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 568 (S.D.N.Y. 2017); *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254-55 (S.D.N.Y. 2012) (Scheindlin, J.) (excluding "evidence of the existence of similar lawsuits[,]" and noting that "courts generally exclude [such] evidence[.]"); *Arlio v. Lively*, 474 F.3d 46, 53 (2nd Cir. 2007) ("[C]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one . . . of the same parties."); *id*. ("Admitting evidence about previous cases 'inevitably result[s] in['] . . . '[t]he merits of the . . . other case[] . . . becom[ing] inextricably intertwined with the case at bar.'").

Neither the *Cohen* action itself nor its outcome have any bearing on whether Defendants violated the federal securities laws alleged in this case. Under FED. R. EVID. 403, "whatever limited probative value it might have to show . . . would be substantially outweighed by the prejudice . . . in having to disprove facts in an unrelated case[.]" *Polanco v. NCO Portfolio Mgmt.*, No.11-cv-7177, 2020 U.S. Dist. LEXIS 32811, at *5-6 (S.D.N.Y. Feb. 26, 2020) (noting that the court would exclude judge's findings in a prior lawsuit); *see also Chapple v. Fahnestock & Co.*, No. 03-4989, 2010 U.S. Dist. LEXIS 82656, at *4 (E.D.N.Y. Aug. 5, 2010) (precluding evidence of prior litigation because "the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits."). Plaintiffs here had no involvement in litigating *Cohen*, much less an opportunity to cross examine any witnesses at trial or in depositions in that action. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, No. 06-11109, 2008 U.S. Dist. LEXIS 12858, *10-11 (D. Mass. Feb. 8, 2008) (holding that "testimony from a trial or deposition to which [one of the parties]

3

was not a party is not admissible for showing the truth of the statements contained within it."). Testimony or argument pertaining to *Cohen* in this case would serve only to improperly influence jurors here, who should be charged with reaching a verdict on the evidence on the record in *this case*, not a different action. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis[.]").

Such evidence and argument also introduce tangential issues into this matter, which will "invit[e] a distracting 'mini-trial' into the course of the main proceedings[.]" *Dooley v. Columbia Presbyterian Med. Ctr.*, No. 06 Civ. 5644, 2009 U.S. Dist. LEXIS 66369, at *7 (S.D.N.Y. July 29, 2009). For instance, the *Cohen* jury reached its decision after considering Defendants' argument that Mr. Cohen had "hundreds and hundreds of [private] conversations he claim[ed] to have had with CB&I" and on "troves of emails" between Mr. Cohen and his rabbi, the latter of which Defendants argued demonstrated that Mr. Cohen did not rely on Defendants' statements.[3] *See* ECF No. 301; *see also Raniola v. Bratton*, No. 96 Civ. 4482, 2002 U.S. Dist. LEXIS 20179, at *1-2 (S.D.N.Y Oct. 18, 2002) ("That verdict reflects only the assessment by another set of jurors of whatever evidence was presented to them in another trial. It offers no meaningful guidance to the jury in this case, and invites the jury simply to speculate as to what was said at the prior trial."). These issues are simply not present in the case at bar and permitting Defendants to offer evidence or argument about these collateral *Cohen* matters would waste judicial resources and confuse the jury. *See Polanco*, 2020 U.S. Dist. LEXIS 32811, at *5-6 ("[T]he distraction to the jury, delay in proceedings, and waste of time that a trial on those issues would create in judging the facts of [the] case" at bar warranted excluding prior litigation); *see also Dotson v. City of Syracuse*, No. 5:11-

---

[3] *See* **Exhibit A** to Declaration of Kim E. Miller (excerpts of *Cohen* rough draft trial transcript (Jan. 19, 2021)) at 34:7-19; *see also id*. at 35:11-36:15 (Mr. Daniel Cohen: "[Y]ou told me you thought CBI was very good.... How foolish I was to rely on you.").

4

CV-620, 2019 U.S. Dist. LEXIS 205709, at *20 (N.D.N.Y. Nov. 27, 2019) (excluding evidence of a prior verdict as "any probative value . . . is minimal and substantially outweighed by Rule 403 concerns" and further noting that "a jury might conflate and confuse the two actions[.]"); *Perez v. Progenics Pharms., Inc.*, No. 10-cv-08278, 2015 U.S. Dist. LEXIS 83557, at *13 (S.D.N.Y. June 24, 2015) ("[E]vidence of other litigation risks 'confusing the issues' and even 'misleading the jury' with a distracting point of limited probative value that may run awry of Rule 403.").

Because any evidence or argument at trial regarding the *Cohen* action is irrelevant, unduly prejudicial, confusing for a jury, and likely to waste the Court's time and judicial resources, Defendants should be precluded from offering it. *See Arlio*, 474 F.3d at 53 ("District courts must assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations.").

### III.   CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an Order excluding evidence or argument regarding the *Cohen* action, except for impeachment purposes, and further limiting the description of any such impeachment testimony to "prior testimony" without mention that it comes from a prior trial.

Dated: December 13, 2021                    Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

 /s/ *Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

5

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd. Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds and the Class*

## CERTIFICATE OF SERVICE

On December 13, 2021, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Kim E. Miller*
Kim E. Miller