UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) ) **CASE NO. 1:17-CV-1580**<br><br>Hon. Lorna Schofield |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING
<u>WITNESSES NOT CALLED BY PLAINTIFFS</u>**

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Fax: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiff
ALSAR Ltd. Partnership and
Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Fax: (312) 229-8811

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("IW Funds")*

Lead Plaintiff ALSAR Ltd. Partnership and additional Plaintiffs Iron Workers Local 40, 362, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* for an order excluding evidence or argument from Defendants that Plaintiffs did not call any of the following witnesses to testify at trial: (1) confidential witnesses cited in Plaintiffs' Amended Complaint (ECF No. 84); (2) former employees of Chicago Bridge & Iron, N.V. ("CBI"); or (3) witnesses from CBI's business partners, customers, or vendors. Defendants are not entitled to a "missing witness" charge with respect to any such individuals. Consequently, introducing evidence or argument regarding these witnesses would be wholly irrelevant, and would threaten to confuse and prejudice the jury.

## I.    ARGUMENT

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *SEC v. United States Envtl., Inc.*, No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19701, at *5 (S.D.N.Y Oct. 16, 2002). "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d). "Irrelevant evidence is not admissible," and evidence is only relevant if it has a tendency to make any "fact [that] is of consequence in determining the action" more or less probable. FED. R. EVID. 401, 402. Even relevant evidence should be excluded where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting FED. R. EVID. 403 advisory committee's notes).

1

"A missing witness charge … to infer that the testimony of an uncalled witness might have favored a specified party is appropriate if production of that witness is peculiarly within the power of the other party." *Ronnie Van Zant, Inc. v. Pyle*, 270 F. Supp. 3d 656, 671 (S.D.N.Y. 2017) (quoting *United States v. Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994)). "Where the witness is equally available to both parties, an instruction on [the missing witness] inference is inappropriate." *United States v. Adeniji*, 31 F.3d 58, 65 (2d Cir. 1994).[1]

Here, Defendants should be precluded from presenting any evidence or argument that Plaintiffs' decision not to call Confidential Witnesses, former CBI employees, or CBI's business partners, customers, or vendors suggests their testimony might have favored Defendants. Defendants have presented no evidence that these potential witnesses are "peculiarly within the power of [Plaintiffs]." *Pyle*, 270 F. Supp. 3d at 671. If anything, Defendants likely have greater influence and control over the production of such individuals. Moreover, Defendants had the ability to depose any of these witnesses during fact discovery (but for whatever reasons chose not to do so). *See Velez v. Novartis Pharms. Corp.*, No. 04 Civ. 9194 (CM), 2010 U.S. Dist. LEXIS 95010 at *10 (S.D.N.Y. Feb. 25, 2010) (noting that "ability of [opposing counsel] to use its own time to call (by subpoena or by deposition)" the missing witness weighs against a missing witness charge). Accordingly, there is no appropriate inference to be gleaned from Plaintiffs' decision not to call any of these witnesses at trial.

---

[1] Plaintiffs note that the Court does have discretion in situations of equal availability either: (1) to give no instruction; (2) to give a neutral instruction that no unfavorable inference may be drawn against either side; or (3) to give a neutral instruction that an adverse inference may be drawn against either or both sides. *See, e.g., United States v. Blash*, 43 F. App'x 399, 401 (2d Cir. 2002). Here, Defendants had greater availability with respect to their former employees (including those who were cited as Confidential Witnesses) and former business partners, vendors, and customers. Plaintiffs had no business relationship with any of these persons.

Evidence or argument regarding such decision would not have "any tendency to make a fact more or less probable," *see* Fed. R. Evid. 401, and any trivial probative value that might exist would be outweighed by its potential to confuse and prejudice the jury, *see* Fed. R. Evid. 403. The threat of prejudice is especially pointed with respect to the Confidential Witnesses cited for pleading purposes in the Amended Complaint. Jurors are not likely to be familiar with Confidential Witnesses or the pleading requirements under the Private Securities Litigation Reform Act of 1995. If Defendants are permitted to exploit references to such uncalled witnesses, jurors are likely to assume that they should have been called, thereby creating an adverse inference that the Second Circuit has deemed inappropriate. *See Adenjii*, 31 F.3d 58.

## II.    CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an Order excluding evidence or argument from Defendants that Plaintiffs did not call any of the following witnesses to testify at trial: (1) confidential witnesses cited in Plaintiffs' Amended Complaint (ECF No. 84); (2) former employees of Chicago Bridge & Iron, N.V. ("CBI"); or (3) witnesses from CBI's business partners, customers, or vendors.

Dated: December 13, 2021                             Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

 /s/ *Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

3

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd. Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds and the Class*

## CERTIFICATE OF SERVICE

On December 13, 2021, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      /s/ *Kim E. Miller*
      Kim E. Miller