**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) ) |

**CASE NO. 1:17-CV-1580**

Hon. Lorna Schofield

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING DEFENDANTS' LITIGATION EXPENSES

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Fax: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiff*
*ALSAR Ltd. Partnership and*
*Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Fax: (312) 229-8811

*Counsel for Additional Plaintiffs Iron*
*Workers Local 40, 361, & 417 – Union*
*Security Funds and Iron Workers Local*
*580 – Joint Funds ("IW Funds")*

Lead Plaintiff ALSAR Ltd. Partnership and additional Plaintiffs Iron Workers Local 40, 362, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* for an order excluding evidence and argument concerning Defendants' expenditure of money and resources defending this Action, which is wholly irrelevant to the claims and defenses at trial, and serves no purpose other than evoking an improper emotional response from the jury.

## I.      ARGUMENT

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d). "Irrelevant evidence is not admissible[,]" and evidence is relevant only if it has a tendency to make any "fact [that] is of consequence in determining the action" more or less probable. FED. R. EVID. 401, 402. Even relevant evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting FED. R. EVID. 403 advisory committee's notes).

Here, Defendants should be precluded from presenting any evidence and argument concerning Defendants' expenditure of money and resources defending this Action. "Statements regarding defendant's expenditure of resources in this case cannot be relevant because they do not tend to make any material fact more or less probable." *Hull v. Ford*, No. C-05-43, 2008 U.S. Dist. LEXIS 3686, at *5-6 (S.D. Tex. Jan. 17, 2008) (citing Fed. R. Evid. 401 and granting motion in limine to exclude such testimony). Because such information has zero relevance, and a high

probability of irrevocably prejudicing the jury in violation of Fed. R. Evid. 403, courts consider motions in limine to exclude such evidence to be "standard" and often those motions are unopposed. *See, e.g., McArthur v. Rock Wood Fired Pizza & Spirits*, No. C14-0770 RSM, 2017 U.S. Dist. LEXIS 58373, at *2 (W.D. Wash. Apr. 14, 2017) (granting motion as "standard" and unopposed); *Beving v. Union Pac. R.R. Co.*, No. 3:18-cv-00040, 2020 U.S. Dist. LEXIS 192558, at *15 (S.D. Iowa Sep. 8, 2020) (granting such motion as unopposed). Such extraneous and potentially prejudicial testimony should be excluded here as well (except with respect to expert fees for the limited purpose of exploring the bias of an expert).

## II.    CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an Order excluding evidence and argument concerning Defendants' expenditure of money and resources defending this Action.

Dated: December 13, 2021              Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

 /s/ *Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163

Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd.*
*Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

*Counsel for Additional Plaintiffs Iron*
*Workers Local 40, 361, & 417 – Union*
*Security Funds and Iron Workers Local 580*
*– Joint Funds and the Class*

## CERTIFICATE OF SERVICE

On December 13, 2021, the foregoing document was filed through the Court's ECF system
and will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF).

/s/ *Kim E. Miller*
Kim E. Miller