**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ) | **CASE NO. 1:17-CV-1580** |
| ) | |
| IN RE CHICAGO BRIDGE & IRON ) | |
| COMPANY N.V. SECURITIES LITIGATION ) | Hon. Lorna Schofield |
| ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING AGGREGATE
DAMAGES, DEFENDANTS' ABILITY TO PAY, AND THE EFFECT OF A
JUDGMENT IN PLAINTIFFS' FAVOR**

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Fax: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiff
ALSAR Ltd. Partnership and
Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Fax: (312) 229-8811

*Counsel for Additional Plaintiffs Iron
Workers Local 40, 361, & 417 – Union
Security Funds and Iron Workers Local
580 – Joint Funds ("IW Funds")*

Lead Plaintiff ALSAR Ltd. Partnership and additional Plaintiffs Iron Workers Local 40, 362, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* for an order excluding evidence and argument concerning aggregate damages, Defendants' ability to pay a damages award, and the effect of a damages award in this case if liability is found.

## I.    INTRODUCTION

Damages in this case will be calculated at trial on a per share basis by determining the amount of artificial inflation erased (on a per share basis) from Chicago Bridge & Iron Company N.V.'s ("CBI") share price when Defendants' fraud was revealed to the market. Plaintiffs nevertheless anticipate that Defendants will attempt to raise the issue of the Class' aggregate damages at trial to improperly influence the jury with a large dollar figure and imply an inability to pay. Neither party's economic expert, however, has provided an opinion regarding aggregate damages, and any figure offered would be highly speculative because it is ultimately dependent on per share damages and the number of valid claims made by Class members. Accordingly, Defendants should not be permitted to offer such irrelevant and prejudicial evidence.

Furthermore, evidence or argument regarding Defendants' ability to satisfy a large judgment, given their financial condition, as well as any purported adverse consequences to Defendants, CBI's recently-restructured parent, McDermott International, Inc. ("McDermott"), or others of a large judgment in Plaintiffs' favor are irrelevant and unduly prejudicial to the Class as they serve no purpose other than evoking an improper emotional response from the jury.[1]

---

[1] In 2018, CBI was acquired by McDermott and through this transaction, merged with and into Comet II, B.V. *See* ECF No. 260; *see also* ECF No. 306 at 5-6. On January 21, 2020, McDermott and a multitude of affiliated reorganized debtors, including CBI through its successor in interest Comet II, B.V., voluntarily filed for chapter 11 bankruptcy protection. *See In re McDermott Int'l Inc.*, No. 20-30336 (Bankr. S.D. Tex. Jan. 21, 2020), ECF No. 1.

Defendant should also be precluded from offering any such evidence or argument.

## II.    ARGUMENT

**A.    Aggregate Class Damages and Defendants' Ability to Pay a Large Damages Award and the Effect of a Large Judgment on Defendants or Others Are Not Relevant to any Triable Issue of Fact and Would Be Improperly Prejudicial**

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d). "Irrelevant evidence is not admissible[,]" and evidence is relevant only if it has a tendency to make any "fact [that] is of consequence in determining the action" more or less probable. FED. R. EVID. 401, 402. Even relevant evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting FED. R. EVID. 403 advisory committee's notes). Further, it is a "well-established principle that a jury is to base its verdict on the evidence before it, without regard to the possible consequences of the verdict." *Shannon v. United States*, 512 U.S. 573, 576 (1994).

The appropriate measure of damages in section 10(b) cases is "actual damages" or "out-of-pocket" loss, which generally means plaintiffs' per share losses. *See Acticon AG v. China North East Petroleum Holdings, Ltd.*, 692 F.3d 34, 38 (2nd Cir. 2012); *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 155 (1972); *see also In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 563 (S.D.N.Y. 2011) (instructing jury that "actual damages" in securities case is "the difference between the price plaintiffs paid for each share of Vivendi stock and the price the share would have cost if no false or misleading statement or omission of material fact had

occurred—in other words, the inflation in the stock price"); *In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115, 2011 U.S. Dist. LEXIS 10677, at *29 (C.D. Cal. Jan. 25, 2011) (ordering that "use a per-share presentation of damages") (citing *In re Broadcom Corp. Secs. Litig.*, CV 01-275-GLT, 2005 U.S. Dist. LEXIS 12118, at *9-10 (C.D. Cal. June 3, 2005) (holding that per share damages estimate should be used because "the Court can easily use the claims administration process to supply the remaining information to calculate an accurate, reliable total damage figure and payout")); *cf. Bell v. Fore Sys.*, No. 97-1265, 2002 U.S. Dist. LEXIS 27871, at *4, 12-13 (W.D. Pa. Aug. 2, 2002) ("[I]nterpret[ing] the PSLRA as mandating an individualized damages limitation for each plaintiff[,]" and further finding that the "aggregated class damages approach utilized by plaintiffs' expert would violate the PSLRA."). Accordingly, to carry their burden of proof on the element of damage, Plaintiffs will introduce expert testimony at trial demonstrating that the price of CBI's securities was inflated on a ***per share basis*** during the Class Period. *See* Expert Report of John D. Finnerty Ph.D. in Support of Loss Causation and Damages, ¶¶ 116-129; *id*. at Ex's. 4, 5.[2] While Defendants' economic expert, Lucy P. Allen, criticizes Dr. Finnerty's damages calculations, she does not offer any opinion on aggregate damages either.[3] Thus, evidence or argument concerning the aggregate amount of damages suffered by the Class is irrelevant to any fact at issue in this matter, including damages.

Further, any probative value of evidence or argument concerning aggregate damages is significantly outweighed by the danger of unfair prejudice to Plaintiffs and the Class. FED. R. EVID. 403. Here, speculation about aggregate damages could "dissuade a jury from awarding an otherwise correct amount of damages out of a concern that the figure is, for reasons unrelated to

---

[2] *See* **Exhibit A** to Declaration of Kim E. Miller ("Miller Decl.").

[3] *See* **Exhibit B** to Miller Decl. (April 7, 2020 Expert Report of Lucy P. Allen).

the harm suffered by shareholders, too large. That is not a proper purpose." *Shenwick v. Twitter, Inc.*, No. 16-cv-5314, 2021 U.S. Dist. LEXIS 66297, at *13-14 (N.D. Cal. Mar. 31, 2021) (granting motion *in limine* to exclude evidence of aggregate damages). For these reasons, courts within the Second Circuit and elsewhere frequently exclude evidence of parties' financial condition or ability to pay a judgment under Rule 403. *See United States v. Cilia*, No. 05 Cr. 231, 2005 U.S. Dist. LEXIS 9804, at *2 (S.D.N.Y. May 23, 2005) ("Defendant's actual financial condition is irrelevant and such testimony would only confuse the jury as to its proper inquiry."); *Vt. Mut. Ins. Co. v. Ciccone*, No. 3:09-cv-00445, 2015 U.S. Dist. LEXIS 87503, at *5-6 (D. Conn. July 7, 2015) (excluding evidence of defendant's ability to pay as irrelevant because it is "not of a fact of consequence" that would assist the jury in resolving the case); *see also Herwick v. Budget Rent a Car Sys.*, CV 10-00409, 2011 U.S. Dist. LEXIS 163813, at *18 (C.D. Cal. Mar. 22, 2011) (excluding "evidence of the parties' respective financial conditions on the grounds that such evidence is irrelevant under FRE 402 and unfairly prejudicial under FRE 403."); *In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115, 2011 U.S. Dist. LEXIS 10677, at *7 (C.D. Cal. Jan. 25, 2011) ("Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case.").

Similarly, any evidence or argument about the potential negative consequences of a large judgment on Defendants, shareholders, or the public at large is irrelevant and unduly prejudicial. *See Utica Mut. Ins. Co. v. Century Indem. Co.*, No. 6:13-CV-995, 2019 U.S. Dist. LEXIS 162070, *3 (N.D.N.Y. Sept. 13, 2019) (precluding evidence of financial hardship); *Walker v. Casey's Gen. Stores, Inc.*, No. 07-3229, 2009 U.S. Dist. LEXIS 114868, at *9 (C.D. Ill. Dec. 9, 2009) (excluding argument that damage award would cause hardship to defendant or that "the cost of injury awards are allegedly passed on to the general public"); *Smith-Walker v. Zielinski*, No. 01-0343-C, 2003

4

U.S. Dist. LEXIS 9078, at *27 (S.D. Ind. Apr. 29, 2003) (excluding argument regarding "the potential impact on [defendant] of a large compensatory . . . damage award, or any reference to how a compensatory damages award would be paid or by whom, as such matters are irrelevant . . . and, thus, inadmissible under Rule 402"); *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d 1034, 1036-37 (N.D. Ill. 2000) (excluding argument that adverse judgment would cause financial harm to defendant because "[s]uch evidence is not relevant and would only appeal to the sympathy of the jury"). As such, Defendants should also be precluded from offering any such evidence or argument.

**B.**     **Any Evidence or Argument Relating to Aggregate Damages is Speculative and Lacks Foundation Under Rule 901**

The Court should preclude Defendants from arguing or entering evidence concerning aggregate damages for the added reason that they lack any evidentiary basis to do so here. Neither Plaintiffs' nor Defendants' experts have offered an opinion on aggregate damages. Indeed, because the only calculation of damages in the record is on a per share basis, any evidence or argument regarding aggregate damages would be speculative and should be excluded. *See*, *e.g.*, *Broadcom*, 2005 U.S. Dist. LEXIS 12118, at *9-10 (excluding aggregate damages model of "questionable reliability" in favor of per share damages); *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-61542, slip. op. at 1, ECF No. 482 (S.D. Fla. Sept. 9, 2010) (barring reference to aggregate damages because "due to the nature of the damage calculation in this case, any proposed figure of aggregate damages is entirely speculative. Such a figure may only be properly determined after the jury returns a verdict and total damages, if any, are calculated by a claims administrator.").

**III.     CONCLUSION**

For these reasons, the Court should preclude Defendants from offering any evidence or argument regarding aggregate damages, their ability to pay a damages award, and any purported

effect that an award of damages may have on Defendants or others in this case if liability is found.

Dated: December 13, 2021

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

/s/ *Kim E. Miller*

Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd.
Partnership and Class Counsel*

**POMERANTZ LLP**

Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

*Counsel for Additional Plaintiffs Iron
Workers Local 40, 361, & 417 – Union
Security Funds and Iron Workers Local 580
– Joint Funds and the Class*

## <u>CERTIFICATE OF SERVICE</u>

On December 13, 2021, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Kim E. Miller*

Kim E. Miller
