UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) ) **CASE NO. 1:17-CV-1580** <br><br> Hon. Lorna Schofield |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 6 TO EXCLUDE EXPERT TESTIMONY FROM NON-RETAINED EXPERTS**

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Fax: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiff ALSAR Ltd. Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Fax: (312) 229-8811

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("IW Funds")*

Lead Plaintiff ALSAR Ltd. Partnership and additional Plaintiffs Iron Workers Local 40, 362, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* for an order excluding Defendants from proffering expert testimony from non-retained experts, for which disclosure was required pursuant to Fed. R. Civ. P. 26(a)(2)(C) but was not made.

## I.  ARGUMENT

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. "[A] party must disclose to the other parties the identity of any witness it may uses at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Under Rule 26(a)(2)(B), a party must both disclose and provide a formal report for experts specifically retained for the litigation. *See* Fed. R. Civ. P. 26(a)(2)(B). "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Federal Rule of Evidence 702, 703, or 705[,]" but the proffering party "must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)". Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note (2010 Amendment). Although a full expert report is not required, the proffering party must disclose within the expert disclosure deadlines set by the Court "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705" and provide "a summary of the facts and opinions to which the witness is expected to testify." *Id.; see also* Fed. R. Civ. P. 26(a)(2)(D).

When a Rule 26(a)(2)(C) disclosure is made, it must provide sufficient detail "sufficient detail" to permit the opposing party to prepare its case. *Kaganovich v. McDonough*, No. 18-cv-2517 (ENV) (ST), 2021 U.S. Dist. LEXIS 128367, at *49 (E.D.N.Y. June 28, 2021) (citation and quotation omitted). A mere list of names, followed by terse descriptions, "is not sufficient." *Id.*

1

Nor is Rule 26(a)(2)(C) satisfied with a disclosure of "the general subject matter" of the proposed testimony but "provides no indication—beyond 'mere generalities'—of the specific facts to which [the witness] intends to testify and provides bare-minimum details of opinions formed therefrom." *Id.* at *49-50 (citation and quotation omitted).

Here, Defendants have not made any Rule 26(a)(2)(C) disclosures. Indeed, Defendants' expert disclosures, provided on April 7, 2020, did not even mention any Rule 26(a)(2)(C) testimony. As a result, Plaintiffs did not have the opportunity to conduct expert discovery on any potential Rule 26(a)(2)(C) witnesses. Therefore, Defendants should not now be permitted to present at trial any Rule 26(a)(2)(C) testimony that should have been disclosed over a year-and-a-half ago before the discovery deadline expired. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (affirming preclusion of undisclosed Rule 26(a)(2)(C) witness); *see also Reynolds v. Am. Airlines, Inc.*, No. 14 CV 2429 (CLP), 2017 U.S. Dist. LEXIS 192822, at *18 (E.D.N.Y. Nov. 21, 2017) ("Given that the plaintiff has not provided a sufficient disclosure from Dr. Ikezi under Rule 26(a)(2)(C) or a written report from him under Rule 26(a)(2)(B), the defendant's motion in limine is granted.").

## II.   CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an Order excluding Defendants from proffering expert testimony from non-retained experts, for which disclosure was required pursuant to Fed. R. Civ. P. 26(a)(2)(C) but was not made.

Dated: December 13, 2021                    Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

/s/ *Kim E. Miller*
Kim E. Miller (KM-6996)

J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd. Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds and the Class*

**CERTIFICATE OF SERVICE**

On December 13, 2021, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      /s/ *Kim E. Miller*
      Kim E. Miller