**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ) | |
| ) | **CASE NO. 1:17-CV-1580** |
| IN RE CHICAGO BRIDGE & IRON ) | |
| COMPANY N.V. SECURITIES LITIGATION ) | Hon. Lorna Schofield |
| ) | |
| ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING THE OPKO PROCEEDINGS

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Fax: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiff*
*ALSAR Ltd. Partnership and*
*Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Fax: (312) 229-8811

*Counsel for Additional Plaintiffs Iron*
*Workers Local 40, 361, & 417 – Union*
*Security Funds and Iron Workers Local*
*580 – Joint Funds ("IW Funds")*

Lead Plaintiff ALSAR Ltd. Partnership ("ALSAR") and additional Plaintiffs Iron Workers Local 40, 362, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* for an order excluding evidence or argument concerning the Opko Proceedings, as defined below.

## I.      INTRODUCTION

Dr. Robert Fishel, the sole shareholder of Lead Plaintiff ALSAR, serves as an independent director of Opko Health, Inc. ("Opko"), a publicly-traded company, which has been the subject of an SEC civil enforcement proceeding, several Rule 10b-5 actions, and related derivative suits (collectively, the "Opko Proceedings"). Based on certain arguments made by Defendants in their opposition to Plaintiffs' motion for class certification (ECF No. 191 at 21-22), Plaintiffs anticipate that Defendants may attempt to introduce evidence or argument at trial regarding the Opko Proceedings for the improper purpose of impugning Dr. Fishel's credibility. However, these "unrelated lawsuits" – most of which don't even involve Dr. Fishel as a defendant (ECF No. 217 at 23) – are irrelevant to the matters set for trial in *this* case. Further, any probative value, which is minimal at best, would be substantially outweighed by its prejudice to Plaintiffs, particularly because the jury would likely be confused or worse, improperly influenced by evidence regarding Opko. Accordingly, Defendants should not be permitted to offer any such evidence or argument concerning Dr. Robert Fishel's involvement in any enforcement actions, proceedings, or lawsuits related to his service as an independent director of Opko Health, Inc.

## II.      ARGUMENT

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *SEC v. United States Envtl., Inc.*, No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19701, at *5 (S.D.N.Y Oct. 16, 2002). "To the extent

practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d). "Irrelevant evidence is not admissible[,]" and evidence is relevant only if it has a tendency to make any "fact [that] is of consequence in determining the action" more or less probable. FED. R. EVID. 401, 402. Even relevant evidence should be excluded where its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting FED. R. EVID. 403 advisory committee's notes).

Argument or evidence regarding the Opko Proceedings is irrelevant here. First, any alleged wrongdoing at Opko occurred "before [Dr. Fishel] was even involved with the company or, for that matter, before [he] even owned stock in the company . . . and was unknown to Dr. Fishel until after the SEC and investors filed complaints." ECF No. 193 at 2-3. Second, Dr. Fishel is not a defendant in any Rule 10b-5 or SEC lawsuit involving Opko, and he was added as a defendant to the derivative lawsuits only because the five year-long class period in the Rule 10b-5 securities complaints ended shortly after he joined the Opko board in April 2018. ECF No. 93 at 3. Indeed, as Judge Scheindlin concluded in her Special Master Report and Recommendation, Dr. Fishel was "only tenuously connected to the [now settled] derivative lawsuits" and not connected at all to the SEC enforcement action or the (now settled) securities fraud class actions. ECF No. 217 at 23. And third, these lawsuits "have found no wrongdoing on [Dr. Fishel's] part." *Id.* at 23-24. In short, Dr. Fishel's involvement in the Opko Proceedings has no bearing on whether Defendants violated the federal securities laws alleged in this case.

Further, under FED. R. EVID. 403, "whatever limited probative value it might have . . . would be substantially outweighed by the prejudice . . . in having to disprove facts in an unrelated case[.]" *Polanco v. NCO Portfolio Mgmt.*, No.11-cv-7177, 2020 U.S. Dist. LEXIS 32811, at *5-6 (S.D.N.Y. Feb. 26, 2020) (noting that the court would exclude judge's findings in a prior lawsuit); *see also Chapple v. Fahnestock & Co.*, No. 03-4989, 2010 U.S. Dist. LEXIS 82656, at *4 (E.D.N.Y. Aug. 5, 2010) (precluding evidence of prior litigation because "the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits."); *Park W. Radiology v. CareCore Nat'l LLC*, 675 F.Supp. 2d 314, 324 (S.D.N.Y. 2009) (excluding references to fraud allegations and other unlawful conduct by nonparties as irrelevant and prejudicial: "The inclusion of the nonparty fraud allegations here pose the risk of turning the trial into a 'multi-ringed sideshow of mini-trials on collateral issues pertaining to the conduct and relationships of third parties that may have only tangential bearing, if at all, to the issues and claims disputed in this case.'").

Because any evidence or argument at trial regarding the Opko Proceedings is irrelevant, unduly prejudicial, confusing for a jury, and likely to waste the Court's time and judicial resources, Defendants should be precluded from offering it.

### III.    CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an Order excluding Defendants from offering evidence or argument concerning the Opko Proceedings.

Dated: December 13, 2021                    Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

 /s/ *Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177

Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd.*
*Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

*Counsel for Additional Plaintiffs Iron*
*Workers Local 40, 361, & 417 – Union*
*Security Funds and Iron Workers Local 580*
*– Joint Funds and the Class*

## CERTIFICATE OF SERVICE

On December 13, 2021, the foregoing document was filed through the Court's ECF system

and will be sent electronically to the registered participants as identified on the Notice of Electronic

Filing (NEF).

/s/ *Kim E. Miller*
Kim E. Miller