**BAKER BOTTS L.L.P.**

Brian C. Kerr
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2543
Fax: (212) 259-2543

David D. Sterling (admitted *pro hac vice*)
Amy Pharr Hefley (admitted *pro hac vice*)
910 Louisiana
Houston, TX 77002
Telephone: (713) 229-1946
Fax: (713) 229-7946

*Counsel for Defendants*
*Chicago Bridge & Iron Company N.V.,*
*Philip Asherman, Ron Ballschmiede and*
*Westley Stockton*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) **CASE NO. 1:17-CV-1580**<br><br>Hon. Lorna Schofield |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION *IN LIMINE* NO. 8**

Defendants Chicago Bridge & Iron Co. N.V., Philip K. Asherman, Ronald A. Ballschmiede, and Westley S. Stockton submit this Memorandum of Law in support of their Motion *in Limine* No. 8 to preclude any reference to or mention of the relative size of the parties, including (1) any suggestion that this is a "David and Goliath" case, (2) any references to the parties' wealth, influence, number of counsel, and financial ability to hire counsel or suffer damages, and (3) any reference to or mention of any Defendant's financial wherewithal, net worth, or earnings.

Any such references would be irrelevant and calculated to prejudice Defendants unfairly. FED. R. EVID. 402, 403; *see, e.g.*, *Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir.1970) (holding that remarks that "can be taken as suggesting that the defendant should respond in damages because he is rich and the plaintiff is poor" were grounds for a new trial); *L–3 Commc'ns \*519 Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144(PAC), 2006 WL 988143, at \*6 (S.D.N.Y. Apr. 13, 2006) (granting in limine motion excluding evidence of witness's wealth and lifestyle because it was "clearly irrelevant," "and its inclusion would be unfairly prejudicial"). The sustaining of this in limine shall not prevent Defendants from inquiring into possible bias against Defendants or corporations in general during voir dire.

Additionally, Plaintiffs have not pleaded a claim that allows punitive damages, so any reference to or evidence of a defendant's net worth is irrelevant and calculated to prejudice Defendants unfairly. FED. R. EVID. 402, 403; *cf. TVT Records v. Island Def Jam Music Grp.*, 257 F. Supp. 2d 737, 745-46 (S.D.N.Y. 2003) (evidence of net worth is relevant when there is a claim for punitive damages); *see also*, *Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir.1970) (holding that remarks that "can be taken as suggesting that the defendant should respond in damages because he is rich and the plaintiff is poor" were grounds for a new trial); *L–3 Commc'ns \*519 Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144(PAC), 2006 WL 988143, at \*6 (S.D.N.Y. Apr. 13, 2006) (granting in limine motion excluding evidence of witness's wealth and lifestyle because it was "clearly irrelevant," "and its inclusion would be unfairly prejudicial").

| | |
|---|---|
| Dated: December 13, 2021 | Respectfully submitted, |
| | **BAKER BOTTS L.L.P.** |
| | By: */s/ David D. Sterling* |
| |     Brian C. Kerr |
| |     30 Rockefeller Plaza |
| |     New York, NY 10112-4498 |
| |     Tel: (212) 408-2543 |
| |     Fax: (212) 259-2543 |
| |     brian.kerr@bakerbotts.com |
| | |
| |     David D. Sterling (admitted *pro hac vice*) |
| |     Texas Bar No. 19170000 |
| |     Amy Pharr Hefley (admitted *pro hac vice*) |
| |     Texas Bar No. 24046046 |
| |     910 Louisiana St. |
| |     Houston, Texas 77002 |
| |     Tel: (713) 229-1946 |
| |     Fax: (713) 229-7946 |
| |     david.sterling@bakerbotts.com |
| |     amy.hefley@bakerbotts.com |
| | |
| | **COUNSEL FOR DEFENDANTS** |