**BAKER BOTTS L.L.P.**
Brian Kerr
30 Rockefeller Plaza
New York, NY 10112-4498
Tel:  (212) 408-2543
Fax: (212) 259-2543

David D. Sterling (*pro hac vice*)
Amy Pharr Hefley (*pro hac vice*)
910 Louisiana
Houston, TX 77002
Telephone:  (713) 229-1946
Fax:  (713) 229-7946

*Counsel for Defendants*
*Chicago Bridge & Iron Company N.V.,*
*Philip Asherman, Ronald A. Ballschmiede, and*
*Westley Stockton*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | **CASE NO. 1:17-CV-1580** <br><br> Hon. Lorna Schofield |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF HARRIS L. DEVOR

Plaintiffs' expert Harris Devor offers five opinions on CB&I's accounting for (1) the Shaw acquisition, (2) goodwill associated with the Nuclear Projects, and (3) unapproved change orders (UCOs), claims, and contractual entitlements for the Nuclear Projects. *See* Ex. A ¶ 7. Although Mr. Devor is an accountant, "even otherwise qualified experts may not simply offer conclusory opinions," *In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 250 (S.D.N.Y. 2014), *aff'd sub nom. Querub v. Hong Kong*, 649 F. App'x 55 (2d Cir. 2016), which is exactly what Mr. Devor has done. By his own admission, he has not done the requisite analysis to support his opinions. Ex. H at 179, 258-59, 283-84. Rather than identifying the applicable GAAP and analyzing CB&I's accounting records to determine whether its accounting judgments were GAAP-compliant, Mr. Devor opines that CB&I's accounting "appears to have improperly applied [GAAP]" and that its SEC filings were "improper" or omitted something that, according to Mr. Devor, should have been disclosed based on his review of cherry-picked emails and non-technical reports. Mr. Devor makes speculative and conclusory assertions that are unreliable because they rest on neither accounting analysis nor the underlying data (and, in some cases, directly contradict the underlying data), in violation of Federal Rule of Evidence (FRE) 702; that are irrelevant, confusing and unduly prejudicial, in violation of FRE 703; and that opine on matters that fall within the province of the Court and the jury. His opinions should be excluded.

A.     **Mr. Devor's opinions rest on insufficient data and are not reliable.**

The Court must ensure that any expert testimony admitted is reliable; unreliable opinion testimony based on insufficient data or unreliable studies or methodologies must be excluded. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).[1] Mr. Devor's opinions fall woefully short.

---

[1] *See, e.g.*, *Nimely v. City of New York*, 414 F.3d 381, 396–97 (2d Cir. 2005) ("[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702

Mr. Devor's first opinion—CB&I "appears to have improperly applied [GAAP] in its accounting for the acquisition of Shaw," Ex. A ¶ 7, rests on a self-described "surface analysis" of CB&I's purchase accounting, Ex. H at 147. He did not review CB&I's purchase price allocation (PPA) adjustments, quantify any PPA adjustments that were allegedly improper, or conduct the case-by-case analysis necessary to determine whether PPA adjustments complied with GAAP. *Id.* at 140, 146-47. Because Mr. Devor did not undertake any semblance of an ASC 805 analysis[2]—*i.e.*, he did not analyze whether CB&I's PPA adjustments reflected new information obtained about facts and circumstances that existed as of the acquisition date, or whether CB&I's accounting professionals' judgment was reasonable, Ex. I, ASC 805-10-25-13, ASC 805-10-25-14—his opinions about the propriety of CB&I's purchase accounting are not "based on sufficient facts or data" or "the product of reliable principles and methods." FRE 702. And while he quoted ASC 805 (albeit a version not in effect when CB&I acquired Shaw[3]), he failed to "reliably appl[y]" that GAAP to the facts of the case. *Id.* His opinions are thus speculative and must be excluded. *See, e.g.*, *In re Williams Sec. Litig.*, 496 F. Supp. 2d 1195, 1250-51 (N.D. Okla. 2007) (excluding impairment opinions where expert had not "undertaken any semblance of" the relevant impairment analysis), *aff'd sub nom. In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1130 (10th Cir. 2009).[4]

Mr. Devor's second, third, and fourth opinions—that there were indicators that CB&I's

---

mandate the exclusion of that unreliable opinion testimony.") (internal quotations omitted); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the [FRE] requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

[2] ASC 805, *Business Combinations*, is the governing GAAP for accounting for business combinations.

[3] The version of ASC 805 that Mr. Devor quotes and applies, Ex. A ¶¶ 27-28, was the version in effect when he wrote his report, not the version in effect when CB&I accounted for its acquisition of Shaw in 2013-14.

[4] *See also In re Puda Coal*, 30 F. Supp. 3d at 251 ("[A]n opinion that is speculative or conjectural does not satisfy Rule 702.")

goodwill was impaired (or "triggering events," as Mr. Devor calls them[5]), Ex. A ¶ 7;[6] Ex. D ¶ 126—are also unreliable. Mr. Devor admittedly did not perform an ASC 350[7] impairment analysis or analyze whether actual indicators of impairment existed. Ex. H at 175-77, 179-80, 184, 186-88. Courts have precluded experts from opining on impairments and triggering events in similar circumstances. *See, e.g.*, *In re Williams*, 496 F. Supp. 2d at 1250-51 (precluding opinion that "triggering events were evident in 2001" and company's financial statements were not prepared in accordance with GAAP because expert did not perform "trigger analysis for any date after year end 2000"; noting that "[g]ratuitous testimony about asserted FAS 121 triggering events in 2001 would be confusing and prejudicial"); *see also In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1219-20 (S.D. Cal. 2010) (precluding opinion that company failed to conduct necessary interim goodwill impairment tests between its annual tests where expert "identifie[d] the events that, in his opinion, triggered the duty to conduct an interim test" but did not "perform[] an impairment test to demonstrate that the identified events would have reduced the fair value … below its carrying value"). The Court should do the same here. FRE 702.

And Mr. Devor's fifth opinion—that CB&I improperly accounted for revenue related to UCOs, claims, and contractual entitlements, Ex. A ¶ 7—is unreliable for the same reasons. Mr. Devor admits that he did not perform the requisite analysis under ASC 605-35.[8] Ex. H at 241-42, 257-59, 283-84. He did not analyze a single UCO, claim, or contractual entitlement. He did not

---

[5] Mr. Devor based his "triggering event" analysis on ASC 350-20-35-66 (Ex. D ¶ 122), which applies only to private companies and not-for-profit entities, not public companies like CB&I. His opinion is unreliable for that reason, too.

[6] Specifically, Mr. Devor opined that (1) "increasing expected costs recorded by [CB&I] as purchase price adjustments … indicat[ed] that goodwill associated with the Nuclear Projects was impaired"; CB&I's "public disclosures during the relevant timeframe . . . improperly asserted that there were no indicators of impairment to its reported goodwill"; and (3) CB&I "obscured the known and expected poor performance, as well as ongoing deterioration, in the Nuclear Projects and Nuclear build business, and avoided the recording of an impairment of associated goodwill throughout the Class Period." Ex. A ¶ 7.

[7] ASC 350, *Goodwill and Other*, is the governing GAAP for goodwill impairment testing and analyses.

[8] ASC 605-35, *Construction-Type Contracts*, is the governing GAAP for revenue recognition from UCOs/claims.

even identify which particular ones gave rise to the revenue CB&I recognized, much less identify any amount of revenue that was allegedly improperly booked. *Id*. at 246-47, 283-84. Equally problematic, Mr. Devor's opinion rests on the incorrect premise that CB&I could not record revenue for amounts in dispute because disputes make recovery not "probable." Ex. G ¶ 204. This contradicts GAAP, which expressly authorizes revenue recognition on disputed amounts. Ex. I, ASC 605-35-25-30, -31. Thus, FRE 702 mandates exclusion of these opinions.

**B.    Mr. Devor's opinions are inadmissible under Federal Rule of Evidence 403.**

Per FRE 403, expert testimony may be excluded where, as here, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. FRE 403; *Nimely*, 414 F.3d at 397. Having, by his own admission, done none of the work necessary to opine that CB&I's accounting actually violated GAAP, or that any particular accounting determination was unreasonable, Mr. Devor's opinions boil down to nothing more than his own speculative, subjective views of CB&I's accounting.[9] Those views should be excluded because they are irrelevant, confusing, and prejudicial—particularly when the jury will be asked whether CB&I falsely or misleadingly stated that its financial statements were prepared in accordance with GAAP. The Court should not permit Mr. Devor's "[g]ratuitous testimony" about the ***appearance*** of GAAP violations. *See In re Williams*, 496 F. Supp. 2d at 1248, 1251.

**C.    Mr. Devor's opinions on what is material and legal issues must be excluded.**

Mr. Devor wades into materiality and offers opinions that misstate the law; both are improper. *E.g.*, Ex. B ¶ 45 (CB&I "did not sufficiently explain … in its public filings" something that need not be disclosed), *id*. ¶ 65 (information "would have presumably been material to users of [CB&I's] financial statements"), Ex. F ¶ 198 (CB&I "repeatedly failed to disclose" something that need not be disclosed under the securities laws). The Court should not permit him to do so.

---

[9] *See, e.g.*, Ex. H, at 137-38 (Devor: whether CB&I's purchase accounting complied with GAAP "doesn't matter").

Respectfully submitted,

**BAKER BOTTS L.L.P.**


By: *_/s/ David D. Sterling_*
    Brian Kerr
    NY Bar No. 2806123
    30 Rockefeller Plaza
    New York, NY 10112-4498
    Tel:  (212) 408-2543
    Fax: (212) 259-2543
    brian.kerr@bakerbotts.com

    David D. Sterling (*pro hac vice*)
    Texas Bar No. 19170000
    Amy Pharr Hefley (*pro hac vice*)
    Texas Bar No. 24046046
    910 Louisiana St.
    Houston, Texas  77002
    Tel: (713) 229-1946
    Fax: (713) 229-7946
    david.sterling@bakerbotts.com
    amy.hefley@bakerbotts.com

**COUNSEL FOR DEFENDANTS**
**CHICAGO BRIDGE & IRON COMPANY N.V.,**
**PHILIP ASHERMAN, RONALD BALLSCHMIEDE, AND**
**WESTLEY STOCKTON**