**BAKER BOTTS L.L.P.**

Brian C. Kerr
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2543
Fax: (212) 259-2543

David D. Sterling (admitted *pro hac vice*)
Amy Pharr Hefley (admitted *pro hac vice*)
910 Louisiana
Houston, TX 77002
Telephone: (713) 229-1946
Fax: (713) 229-7946

*Counsel for Defendants*
*Chicago Bridge & Iron Company N.V.,*
*Philip Asherman, Ron Ballschmiede and*
*Westley Stockton*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) **CASE NO. 1:17-CV-1580**<br><br>Hon. Lorna Schofield |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR**
**MOTION TO EXCLUDE EXPERT TESTIMONY OF WILLIAM PURCELL**

The universally recognized cardinal rules of expert testimony include: (1) an expert cannot testify on legal matters, as that invades the province of the Court; (2) an expert cannot express "ultimate opinions," as those invade the province of the jury; (3) an expert must be qualified to express the opinions; (4) the opinions must be relevant to the issues in the case and have a reliable foundation; and (5) in securities cases, an expert may not offer opinions on materiality. Defying each of those rules, Plaintiffs submitted a report from William H. Purcell, a retired investment banker,[1] who proffers seventeen opinions regarding (a) the supposedly applicable disclosure laws, (b) how Defendants purportedly violated their disclosure obligations, (c) the alleged materiality of the information Defendants allegedly failed to disclose, and (d) the propriety of CB&I's accounting. *See generally* Exs. A-C, Expert Report of William H. Purcell, Jan. 31, 2020. Mr. Purcell admits he is unqualified to express most of his opinions, and each improperly invades the province of the Court and the jury. And to top it off, virtually all of his opinions are legal opinions or based on legal opinions that are flat-out incorrect statements of the law. Every one of Mr. Purcell's opinions should be excluded.

Federal Rule of Evidence 702 requires judges to ensure that any expert testimony admitted is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The party offering the expert testimony has the burden of proving its admissibility. *E.g.*, *id.* at 592 n.10In determining whether a proposed expert's testimony passes muster under Rule 702, this Court considers: "(1) the qualifications of the proposed expert; (2) whether each proposed opinion is based upon reliable data and reliable methodology; and (3) whether the proposed testimony would be helpful to the trier of fact." *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 674 (S.D.N.Y. 2013)

---

[1] Mr. Purcell has never been a lawyer or an accountant. Ex. D, Purcell Dep. Tr. 7:13 – 8:19, 61:9 (Mar. 5, 2020). No court has ever accepted him as an expert on disclosure issues. *Id.* 23:9-24:6. He admits to being unable to identify the very disclosure obligations he claims Defendants violated, *id.* at 45:13-16, and that he is not an expert as to disclosure obligations under the federal securities laws, *id.* at 31:15-18.

(citing *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005)). Each of Mr. Purcell's opinions is inadmissible because he is (admittedly) unqualified to make them; they are not reliable (indeed, 15 of the 17 are predicated on plainly incorrect statements of the applicable law); and they will not be helpful to the jury (he tries to save many of his opinions by couching them as being from "an investment banking point of view," *e.g.*, Ex. A at 12, as if that somehow matters). But beyond those fatal deficiencies, each opinion runs afoul of other principles of black-letter law with respect to expert testimony.

      a.      **Opinions on legal issues are improper.**

Cases recognizing that experts cannot opine on legal matters and obligations are legion. *See, e.g.*, *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America,* 691 F.Supp.2d 448, 458 (S.D.N.Y. 2010) ("It is also well-established that expert witnesses are not permitted to testify about issues of law – which are properly the domain of the trial judge and jury."); *Highland Capital Mgmt., L.P. v. Schneider,* 379 F.Supp.2d 461, 470 (S.D.N.Y. 2005) (expert testimony discussing "governing law…is inadmissible because '[i]t is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge.'… Thus, 'it is erroneous for a witness to state his opinion on the law of the forum.'") (quoting *Marx & Co., Inc. v. Diners' Club, Inc.,* 550 F.2d 505, 509-10 (2d Cir. 1977), *cert. denied,* 434 U.S. 861 (1977)). Mr. Purcell offers nine such impermissible legal opinions that must be excluded, labeled in his report as **(i)** (investors expect disclosure of "*any* material information without representations, whether good or bad, that has occurred or is expected to occur," Ex. A at 7); **(iii)** (financial statements must be "in a clear, transparent, and understandable fashion to meet the generally accepted standards of full disclosure," *id.* at 9); **(iv)** ("Defendants, as part of their oversight responsibilities, had a duty to keep investors up to date with all material information relating to the progress and developments in regard to the Nuclear Projects," *id.* at 11); **(v)** ("investors expect and rely upon management to

be forthcoming," *id.* at 12-13); **(viii)** (companies must comply with "*principles of transparency and clarity in their financial statements*," Ex. B at 17); **(ix)** ("Defendants did *not* present the Company's financial results and guidance in a transparent, clear and understandable way to investors," *id.* at 21); **(x)** ("There was no meaningful clarity as to the reality of what was happening in regard to the progress and the financial risks associated with the Nuclear Projects," *id.* at 22); **(xi)** ("None of these 'red flag' issues were properly disclosed to investors," *id.* at 24); and **(xv)** ("[I]t was still essential to accurately disclose to investors the extent of the disagreement with Westinghouse and the Owners about who was responsible for such costs and delays," Ex. C at 38).

Making matters worse is the fact that virtually all of Mr. Purcell's opinions are based on *incorrect* statements of the applicable law. As but three examples: (1) while Mr. Purcell opines that Defendants had a continuous obligation of "full disclosure"—which he defines as "tell everything; let it all hang out," (Ex. A at 8-9)—the law is clear that no continuous obligation to disclose material information exists, *see, e.g.*, *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 267 (2d Cir. 1993) ("[A] corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact. Rather, an omission is actionable under the securities laws only when the corporation is subject to a duty to disclose the omitted facts."); *Glazer v. Formica Corp.*, 964 F.2d 149, 156 (2d Cir. 1992) ("Even if information is material, there is no liability under Rule 10b-5 unless there is a duty to disclose it."), (2) his definition of materiality—"Information is material if omitting it or misstating it could influence decisions that users make on the basis of the financial information," Ex. A at 11—is less demanding than the Supreme Court's definition, which requires that a reasonable investor would consider the information important in light of all publicly available information, *TSC Indust., Inc. v. Northway*, 426 U.S. 438, 449 (1976), (3) the federal securities laws simply do not impose a "transparent, clear

and understandable," Ex. A at 10, standard on financial statements or disclosures.[2]

### b.  Ultimate legal conclusions must be excluded.

Cases uniformly hold that experts may not opine on ultimate legal conclusions. *E.g.*, *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion."); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (expert "may not give testimony stating ultimate legal conclusions based on those facts."). Nine of Mr. Purcell's opinions must be excluded because they offer an ultimate legal conclusion—the ones labeled in his report as **(iv)** ("Defendants obscured the information investors needed," Ex. A at 11); **(v)** (Defendants should have but did not disclose due diligence concerns, *id.* at 12-13); **(ix)** (Defendants "did not effectively and clearly disclose the increasing risks of potential significant losses," Ex. B at 21); **(x)** (Defendants "misrepresented the true status of the Nuclear Projects as well as the potential losses…. There was no meaningful clarity as to the reality of what was happening…." *Id.* at 22); **(xi)** ("None of these 'red flag' issues were properly disclosed to investors," *id.* at 24); **(xii)** (Defendants' responses to analyst questions "were often, at best, vague and generally misleading," *id.* at 26); **(xiii)** ("Defendants misled the investment community," *id.* at 28); **(xvi)** (Defendants did not take appropriate impairment charges and thus overstated earnings, Ex. C at 40-41);[3] and **(xvii)** ("deterioration in the Nuclear Projects that should have been timely disclosed to investors during the Class Period," *id.* at 42).

### c.  Opinions on what is material must be excluded.

It is also well settled that experts may not opine on materiality. *See, e.g.*, *SEC v. Tourre*,

---

[2] Mr. Purcell relies on the Financial Accounting Standards Board ("FASB") for this assertion, but FASB expressly is nonauthoritative even as to *accounting* guidance, much less *legal* standards.
[3] This is also an accounting opinion that Mr. Purcell is admittedly unqualified to make.

950 F. Supp. 2d 666, 678 (S.D.N.Y. 2013) ("[O]pining on whether or not all 'economically material' information has been disclosed improperly invades both the province of the judge to instruct on the law and the jury to find the facts…. [A]n expert cannot testify as to whether the specific information at issue in a case is or is not 'material.'"); *Loreley v. Fin. (Jersey) No. 3 Ltd. v. Wells Fargo*, 412 F. Supp. 3d 392, 406 (S.D.N.Y. 2019) (expert testimony on materiality was improper, "as determinations about the materiality of the alleged fraud are for the factfinder, not the Plaintiffs' expert"). Mr. Purcell offers eight opinions that must be excluded as improper opinions on materiality, labeled as **(iv)** (duty to disclose "risks associated with the Nuclear Projects," Ex. A at 11); **(v)** (Defendants should have disclosed due diligence concerns, *id.* at 12-13); **(vi)** ("it is crucial that investors be fully informed about whether or not large corporate investments are working as planned," Ex. B at 14); **(vii)** ("it is *imperative ...* [to] candidly disclose any deterioration in future prospects, impairment to goodwill, or risks to realizing a future stream of cash flows," *id.* at 16); **(ix)** (Defendants failed to disclose "*the reality of the current status, and potential losses, related to the Nuclear Projects*," *id.* at 21); **(xiii)** (Defendants "fail[ed] to disclose to investors that collection of the full amount was unlikely," *id.* at 28); **(xiv)** ("investors in CBI common stock were heavily reliant on the qualitative information disclosed by the Defendants regarding the risks associated with the Nuclear Projects," Ex. C at 33); and **(xv)** (it was "essential to accurately disclose to investors the extent of the disagreement with Westinghouse and the Owners," *id.* at 38).

## CONCLUSION

Because Mr. Purcell's opinions do not comport with the standards established by the Supreme Court in *Daubert* and its progeny, Defendants respectfully request that the Court exclude each of Mr. Purcell's opinions and not allow him to testify at trial.

Dated: December 13, 2021			Respectfully submitted,

							**BAKER BOTTS L.L.P.**


							By: */s/ David D. Sterling*
								Brian C. Kerr
								30 Rockefeller Plaza
								New York, NY 10112-4498
								Tel: (212) 408-2543
								Fax: (212) 259-2543
								brian.kerr@bakerbotts.com

								David D. Sterling (admitted *pro hac vice*)
								Texas Bar No. 19170000
								Amy Pharr Hefley (admitted *pro hac vice*)
								Texas Bar No. 24046046
								910 Louisiana St.
								Houston, Texas 77002
								Tel: (713) 229-1946
								Fax: (713) 229-7946
								david.sterling@bakerbotts.com
								amy.hefley@bakerbotts.com

							**COUNSEL FOR DEFENDANTS**