UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) CASE NO. 1:17-CV-1580 <br> ) <br> ) Hon. Lorna Schofield <br> ) <br> ) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE OF SETTLEMENT**

This Court, having reviewed and considered the Parties' Stipulation of Settlement dated February 4, 2022, Plaintiffs' motion for an order preliminarily approving the Settlement, Plaintiffs' letter dated March 28, 2022 (the "March 28 Letter") filed at Docket Number 427 and having heard oral argument on March 23, 2022, hereby ORDERS:

1. The Court preliminarily approves the Stipulation and the Settlement, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court previously certified a Class consisting of all those who purchased or otherwise acquired the common stock of Chicago Bridge & Iron Company N.V. ("CB&I" or the "Company") during the period from October 30, 2013, through and including June 23, 2015 (the "Class Period"), and were damaged thereby, excluding Defendants, officers, and directors of CB&I, members of their immediate families and their legal representative, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. The Court also appointed ALSAR Ltd., Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds as Class Representatives and Kahn Swick & Foti, LLC as Class Counsel.

3. The Settlement Hearing will be held on **July 25, 2022 at 4:30 p.m**., on the following conference line: 888-363-4749, access code: 558-3333, to determine whether the

proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Stipulation and its Exhibit B, which, *inter alia*, dismisses the Action with prejudice as to all Defendants and contains releases, should be entered; whether the proposed Plan of Allocation should be approved; and to determine what amount of reasonable fees, costs, and expenses, if any, should be awarded to Plaintiffs' Counsel. The Court may change the day manner of the hearing by Order publicly available on PACER.

5. The Court approves, as to form and content, the Revised Notice of Proposed Class Action Settlement (the "Notice"), the Revised Proof of Claim and Release form (the "Claim Form"), the Revised Summary Notice (the "Summary Notice"), and the Revised Postcard Notice (the "Postcard Notice"), included respectively as Exhibits A-1, A-2, A- 3, and A-4 to the March 28 Letter, and finds that the mailing and email distribution of the Postcard Notice and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The Court further reserves the right to enter a Final Judgment and Order of Dismissal with Prejudice that approves the Settlement and dismisses the Action on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation, or awarded attorneys' fees and expenses or Class Representatives' time and expenses.

7. The Court appoints A.B. Data, Ltd. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    (a) Not later than 14 days after entry of this order (the "Notice Date"), Class

Counsel shall cause a link to the Summary Notice and the Claim Form, substantially in the forms annexed as Exhibits A-3 and A-2 to the March 28 Letter and hosted on a website maintained by the Claims Administrator, to be emailed to all Class Members who can be identified with reasonable effort and whose last-known email addresses have been provided by Defendants and/or banks, brokerage houses, or other nominees. Where a last-known email address has not been provided or where an email is returned as being undeliverable, Class Counsel shall cause a copy of the Postcard Notice (substantially in form annexed as Exhibit A-4 to the March 28 Letter) providing an address, phone number and website address where Class Members can obtain the Notice and Claim Form, advising them of their right to exclude themselves or to opt out, and of the date and time for the Settlement Hearing, to be mailed by first class mail to all Class Members who can be identified with reasonable effort.

(b) Not later than 21 days after the issuance of this Order, Class Counsel shall cause the Summary Notice to be published twice in at least two nationally distributed, business-focused newswires, and not later than 21 days after the issuance of this Order, Class Counsel shall place a copy of the Complaint and the Stipulation (including Exhibits) on the Settlement website maintained by the Claims Administrator.

(c) Not later than 31 days after the issuance of this Order, Class Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of the mailing and publishing described above.

(d) Not later than 7 days prior to the Settlement Hearing, Class Counsel shall cause the Claims Administrator to submit a report outlining the implementation of the Notice, including how many Notices were sent, how many Claim Forms were submitted, how many Claim Forms were approved, how many Claim Forms were rejected, and the total dollar amount

of approved Claim Forms to-date.

8. Nominees who purchased or otherwise acquired common stock of CB&I for the benefit of Class Members between October 30, 2013 and June 23, 2015, inclusive, shall send the Notice and Claim Form to all such Class Members within ten (10) days after receipt of the Notice or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice. Class Counsel shall, if requested, reimburse, out of the Class Notice and Administration Fund, banks, brokerage houses or other nominees solely for their reasonable, documented out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members up to $0.05 for providing names, addresses and email addresses to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by nominees, plus postage at the rate used by the Claims Administrator; or $0.05 per notice sent by email.

9. All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted electronically by, or if mailed, postmarked no later than July 1, 2022. Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

11. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the

Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

12. Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Class Members who do not enter an appearance will be represented by Class Counsel.

13. Class Members may appear and show cause as provided in the Notice if they have any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded, or why compensatory awards should not be provided to the Class Representatives.

14. Any Class Member who does not make a written objection in the manner provided and/or appear in person or through a representative at the Settlement Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of Allocation, or to any award of attorneys' fees and expenses.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and Plan of Allocation.

16. No Released Defendants' Parties or Released Plaintiffs' Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court will determine whether the proposed Plan of Allocation and any application for attorneys' fees or reimbursement of expenses will be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

19. Neither this Order, the Term Sheet, the Stipulation, the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by any Released Person of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that, Plaintiffs or any Class Members have suffered any damages, harm, or loss.

20. In the event that the Settlement does not become Final in accordance with the Stipulation or the Effective Date does not occur, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

21. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

22. Pending the Settlement Hearing, all Class Members are enjoined from initiating or

prosecuting any actions or claims against any Released Defendants' Parties that are within the scope of the releases provided for by the Stipulation.

23. The following schedule of dates shall govern the resolution of this Settlement:

| EVENT: | PROPOSED DEADLINE: |
|---|---|
| Deadline for Class Counsel to provide notice to Class Members by either: (a) emailing the Summary Notice to Class Members for whom the Claims Administrator is able to obtain email addresses; or (b) mailing the Postcard Notice, if an email address cannot be obtained, by first class mail, postage prepaid, to Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator | April 13, 2022<br><br>**14 days** after entry of Preliminary Approval Order |
| Deadline for Class Counsel to cause the Summary Notice to be published twice in at least two nationally distributed, business-focused newswires | April 20, 2022<br><br>**21 days** after entry of Preliminary Approval Order |
| Deadline for Class Counsel to file affidavit of notice of emailing, mailing, and publication | May 2, 2022<br><br>**31 days** after entry of Preliminary Approval Order |
| Deadline for filing of papers in support of (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Class Counsel for attorneys' fees and/or reimbursement of expenses (collectively, the "Applications") | June 27, 2022<br><br>**30 days** before Settlement Hearing |
| Deadline for Class Members to submit/file:<br>• Proof of Claim and Release Forms<br>• Requests to be excluded from the Class<br>• Objections to the Settlement, or any of the Applications | July 1, 2022<br><br>**24 days** before Settlement Hearing |
| Deadline for filing reply to any opposition to the Applications or any response to any objection(s) filed | **7 days** before Settlement Hearing Approval Order |
| Deadline for Claims Administrator to submit report outlining implementation of notice and claims administration | July 18, 2022<br><br>**7 days** prior to the date of the Settlement Hearing |

| Date of Settlement Hearing | July 25, 2022 |
|---|---|
|  | Approximately **110 days** after entry of Preliminary Approval Order |

The Clerk of Court is respectfully directed to close the motion at Docket No. 421.

**SO ORDERED**.

Dated: March 30, 2022
      New York, New York

                                                **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**