UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) ) ) CASE NO. 1:17-CV-1580<br><br>Hon. Lorna Schofield |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR AN ORDER FOR DISTRIBUTION OF THE NET SETTLEMENT FUND**

Lead Plaintiff ALSAR Ltd. Partnership and Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds (together, "Plaintiffs") submit this memorandum of law in support of their Motion for an Order for Distribution of the Net Settlement Fund ("Motion") and respectfully request that the Court issue an order authorizing distribution of the Net Settlement Fund[1] in the form proposed and submitted herewith.

Based on the Claims Administrator's analysis of the Proofs of Claim submitted in this Action, 41,789 Claimants have submitted valid and properly documented claims ("Authorized Claimants"). Plaintiffs now seek to distribute the Net Settlement Fund to the Authorized Claimants on a *pro rata* basis.

For the reasons set forth in detail below, this proposed distribution is appropriate and should be approved.

**CLAIMS ADMINISTRATION**

On July 25, 2022, the Court held a hearing to consider the proposed settlement. By Judgment and Order of Final Approval dated August 2, 2022 ("Final Order"), the Court approved

---

[1] Unless otherwise indicated, all initially capitalized terms used herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, fully executed on February 4, 2022 (ECF No. 423) and the March 30, 2022 Order of Preliminary Approval (ECF No. 428).

1

the Parties' $44,000,000 settlement as fair, reasonable, and adequate, and directed the Parties to consummate the Settlement Stipulation in accordance with its terms and provisions

Under the terms of the Settlement Stipulation, the Settlement Fund was established for the settlement of the claims asserted against Defendants. All Class Members wishing to participate in the Settlement were required to submit Proofs of Claim, postmarked no later than July 1, 2022, together with adequate supporting documentation for the transactions and holdings reported therein. *See* Declaration of Eric A. Nordskog in Support of Lead Plaintiff's Motion for Class Distribution Order ("Distribution Decl.") filed herewith, at ¶ 5. As a result of a very effective notice program, A.B. Data – the Court-appointed Claims Administrator – received 72,104 Proofs of Claim as of November 1, 2022. *Id.* at ¶ 34. As demonstrated by the Distribution Declaration, A.B. Data reviewed all 72,104 submitted claims and, to the extent that a claim was deficient in any regard, A.B. Data notified the Claimant of the deficiency and advised the Claimant as to the possible ways to cure the deficiency. *Id.* at ¶¶ 7, 10, 19-26. Attached as Exhibit A to the Distribution Declaration is an example of the notice of rejection letter used to notify Claimants of the rejection of their claims in part or whole.

As a result of the claims handling process explained above, A.B. Data determined that 30,315 claims are ineligible to receive a distribution. Of those ineligible claims, (a) 12,402 had no purchases of CB&I common stock during the Class Period; (b) 16,800 did not result in a Recognized Claim (*i.e.,* a validly documented claim for which the trades resulted in a Recognized Loss) under the Court-approved Plan of Allocation; (c) 1,103 were duplicates; (d) 6 were withdrawn; and (e) 4 were filed by or on behalf of an excluded party. *See* Declaration Decl. at ¶ 37.[2]

---

[2] A.B. Data received 9 requests for Court review from Claimants whose claims were rejected. *See*

A.B. Data has accepted 41,789 Claims (*i.e.*, 41,359 Timely Submitted and Valid Claims and 430 Late but Otherwise Eligible Claims) representing a total Recognized Loss amount of $487,422,177.52. *Id.* at ¶ 36. The total Recognized Loss Amount for the 430 Late but Otherwise Eligible Claims is $32,958,508.46, or less than 7% of the total Recognized Loss Amount. *Id.* Lead Counsel believes that no delay has resulted from the acceptance of these late claims. Moreover, Lead Counsel believes that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, Lead Counsel respectfully requests that this Court approve the administrative determination not to reject claims submitted after the July 1, 2022 submission deadline because of lateness.

However, there must be a final cut-off date after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this Motion would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an order directing that no claim received after November 1, 2022, be accepted for any reason whatsoever. *See id.* at ¶ 31. It is respectfully requested that the Court approve the administrative determinations accepting and rejecting claims as set forth herein.

**FEES AND EXPENSES OF CLAIMS ADMINISTRATOR**

Plaintiffs request an order approving payment of the fees and expenses of the Claims Administrator. In accordance with A.B. Data's agreement with Lead Counsel to act as the Claims

---

Distribution Decl. at ¶ 28. Through A.B. Data's deficiency process, 5 Claims for which Court review was requested have been resolved. *Id.* The remaining 4 Claims subject to a request for Court review were rejected because the Claims in question did not calculate to a "Recognized Claim" pursuant to the Court-approved Plan of Allocation. *Id.* at ¶ 29. As the time to object to the Plan of Allocation has passed, the remaining 4 claims for Court review are likewise null. *Id.* & Exhibit D thereto (schedule explaining the disputed Claims).

3

Administrator herein, A.B. Data was responsible for mailing Class Notice, maintaining a website and Claimant call hotline, processing claims, preparing tax returns for the Settlement Fund, and distributing the Net Settlement Fund to accepted Claimants. A.B. Data has not yet been paid for its work on behalf of the Class. A.B. Data's outstanding fees and expenses total $362,691.48, consisting of $321,883.48 in fees and expenses already incurred and currently owing, and $40,808.00 to be reserved in anticipation of the work that will be performed for the Initial Distribution, to satisfy all administration fees and expenses). *See* Distribution Decl. at ¶ 39 & Exhibit H thereto.

## **DISTRIBUTION OF NET SETTLEMENT FUND**

Plaintiffs also respectfully request that the Court enter an order directing and authorizing the Initial Distribution of the balance of the Settlement Fund plus interest accrued thereon (after deduction of fees and expenses previously awarded and requested herein and any taxes owing) to the Class Members whose 41,789 claims have been accepted as set forth on the list of accepted claims submitted with the Distribution Declaration, in proportion to their Recognized Claims as shown therein. *See* Distribution Decl. at ¶ 40(a) & Exhibits E and F thereto. As indicated in the Distribution Declaration, the total Recognized Losses of all 41,789 eligible claims computed in accordance with the Plan of Allocation set forth in the Notice are $487,422,177.52. *Id.* at ¶ 36. This represents a gross recovery of approximately 9.03% and a net recovery of approximately 5.21% for all valid claims.

If there is any balance remaining in the Net Settlement Fund after at least six (6) months after the Initial Distribution (whether by reason of tax refunds, uncashed checks, or otherwise), then, if Lead Counsel, in consultation with A.B. Data, determines that it is cost-effective to do so, A.B. Data will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). *See* Distribution Decl. at ¶ 40(b). Any amounts remaining in the Net Settlement

Fund after the Initial Distribution, after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their distribution checks and would receive at least $20.00 from the Second Distribution. *Id.*

Additional redistributions to Authorized Claimants who have cashed their prior checks and would receive at least $10.00 on such additional redistributions will continue if Lead Counsel, in consultation with A.B. Data, determines that such redistributions will be cost-effective, after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such further distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees. *Id.* at ¶ 40(c) At such time as Lead Counsel, in consultation with A.B. Data, determines that further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, Plaintiffs will propose to the Court for its approval an appropriate 501(c)(3) non-profit organization(s) beneficiary. *Id.* at ¶ 40(d).

## PAYMENT OF REMAINING ATTORNEYS' FEES

The Court's Order on Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (ECF No. 446) awarded $14,666,667 in attorneys' fees plus accrued interest, payable 50% upon entry of that Order and 50% upon distribution of substantially all of the Net Settlement Fund. As set forth in the Distribution Declaration, the Net Settlement Fund is ready to be distributed. Plaintiffs respectfully request that the remaining attorneys' fees be payable upon filing a letter with the Court confirming that checks and/or wire payments comprising 95% of the Net Settlement Fund have been distributed to valid Claimants.

## **RELEASE OF CLAIMS**

To ensure the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, their counsel, Defendants, their counsel, the Claims Administrator, the Escrow Agent or any other person involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, beyond the amounts allocated to such Class Member by this Court's Orders. *See In re Patriot Nat'l, Inc. Sec. Litig.*, No. 1:17-cv-01866-ER, 2021 WL 1040462 at *2 (S.D.N.Y. Mar. 18, 2021); *In re Merrill Lynch & Co., Inc. Sec., Deriv. and ERISA Litig.*, No. 07-cv-9633 (JSR)(DFE), 2010 WL 11595033 at *2 (S.D.N.Y. Dec. 23, 2010).

## **CONCLUSION**

Plaintiffs respectfully request that this Court grant their Motion for an Order for Distribution of the Net Settlement Fund.

DATED: November 8, 2022                      Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

/s/ *Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiff ALSAR Ltd. Partnership and Class Counsel*

**POMERANTZ LLP**
Joshua B. Silverman (*admitted PHV*)
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com

-and-

Jeremy A. Lieberman
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

7

*Counsel for Additional Plaintiffs Iron Workers Local 40, 361, & 417 – Union Security Funds and Iron Workers Local 580 – Joint Funds and the Class*

## **CERTIFICATE OF SERVICE**

On November 8, 2022, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Kim E. Miller*
Kim E. Miller